AMERICAN SURETY COMPANY *v.* COOPER.

No. 39394 December 13, 1954 76 So. 2d 254

*Maynard, Fitzgerald & Maynard,* Clarksdale; *Young & Daniel,* Jackson, for appellant.

*Holcomb & Curtis,* Clarksdale, for appellee.

432

Holmes, J.

This is a workmen's compensation case wherein the appellee seeks benefits under the Mississippi Workmen's Compensation Act for an injury which he sustained on July 11, 1952, resulting in the loss of the fingers and thumb of his left hand. The attorney-referee denied the claim and his order of disallowance was affirmed by the full commission. On appeal by the claimant to the Circuit Court of Coahoma County, the court reversed the order of the commission and entered a judgment awarding compensation to the claimant. From this judgment of the circuit court the appellant, American Surety Company, prosecutes this appeal.

We relate briefly the evidence pertinent to our determination of the questions here involved. In the year 1948, the appellee and one F. J. Jacks entered into a part-

nership agreement to engage as partners in the business of manufacturing, buying and selling concrete products, ready-mixed concrete, building materials and other merchandise incidental thereto. They proceeded with the conduct of the business under the name of Concrete Products Company until December 11, 1948, when they reduced their partnership agreement to writing. The written agreement declared that the business was to be conducted by the parties thereto as a partnership. It fixed the term of the partnership as beginning on January 1, 1948, subject to the right of either party to thereafter terminate the same on sixty days written notice to the other. It fixed the amount of capital to be contributed by each partner to the business. ` It designated the appellee as the general manager of the partnership business, with full authority to employ and discharge employees, fix salaries of employees, purchase materials and equipment, and generally to perform all acts necessary to the operation of the business, providing, however, that except as to common labor, the employment, discharge, and fixing of salaries of employees should be subject to the approval of Jacks. It provided that the appellee was to receive a salary for his services as general manager, which salary, at the time of the appellee's injury, was fixed at $300 per month. It further provided that the salary paid to the appellee should be charged as an item of expense in the operation of the business and that the profits and losses thereafter resulting should be shared equally by the partners.

The Mississippi Workmen's Compensation Act went into effect on January 1, 1949. Thereupon the appellee requested the Mitchell Company, local agent for the appellant at Clarksdale, Mississippi, to provide coverage under the workmen's compensation act. A policy was written in the name of Concrete Products Company, Inc., for the year 1949. No explanation appears in the evidence as to why the policy was so written, but it

clearly appears from the evidence that all parties knew that the Concrete Products Company was a partnership and operated as such. The policy so issued included the appellee in its coverage and an additional premium based upon his salary was charged therefor. In the renewal of the policy for the years 1950, 1951 and 1952, the appellee was not included in the coverage and no premium was collected for his coverage. No written notice of the omission of the appellee's coverage in these renewals was given to the commission or to the insured. In February, 1952, C. M. Walker, the payroll auditor for the appellant, appeared at the place of business of the company to check the payrolls. Walker testified that on this occasion the appellee told him that the company was a partnership. He further said that he told the appellee that he was not covered by the policy, but that he thought he might become covered by complying with the workmen's compensation act and paying the required additional premium. Walker further said that he told the appellee on that occasion that if he wanted the coverage he should contact his agent, the Mitchell Company, and talk to them. He further testified that the appellee telephoned Mr. Mitchell and that according to his best recollection the matter of coverage for the appellee was discussed, and that he understood from the conversation that the additional premium for coverage for the appellee would be about $100, and that the appellee did not want the additional coverage. Walker further testified that he did not include the appellee's salary in the payroll and that no premium was collected on the appellee's salary. On September 18, 1952, which was approximately two months after the accident, the appellee notified the insurance agent of his intention and desire to provide coverage for himself under the workmen's compensation act, and this was done. J. H. Davis, an employee of the Mitchell Company, testified that coverage for the appellee was provided by endorsement to the policy on September 18, 1952, and that the appellee was

not covered prior thereto and no premium for such coverage had been collected prior thereto. He further testified that along in February or March of 1952, Mitchell and the appellee had a telephone conversation. On objection by the appellee, he was not permitted to say what the appellee told Mitchell in that conversation. The appellee testified that he had no recollection of telephoning Mitchell in February, 1952, and talking to him about coverage for himself, and that he had no recollection of stating that he did not want the coverage because he did not want to pay the additional premium, and that if he made any such statement to Mitchell it was with reference to fire insurance and not with reference to coverage under the workmen's compensation act. On this conflicting evidence, the attorney-referee found and held that the appellee knew that he was not specifically covered by endorsement to the policy, and that the appellee was not misled by any conduct of the insurance carrier. The commission approved and adopted this finding and decision of the attorney-referee.

It is the contention of the appellant on this appeal that (1) the appellee was an employer and not an employee within the provisions of the Mississippi Workmen's Compensation Act, as amended, and that since the appellee had not elected to take coverage under the act by compliance with Section 34 of Chapter 412 of the Laws of 1950, he was not entitled to the benefits provided in the act as amended; and (2) that since the appellee did not come within the provisions of the act, the commission, a tribunal of limited jurisdiction, had no jurisdiction to make an award of compensation, and that the circuit court and this court are likewise without jurisdiction.

On the other hand, the appellee contends that he was an employee within the provisions of the act, and that in any event the carrier was estopped to deny that he is an employee within the provisions of the act by its conduct in accepting a premium for the appellee's cov-

erage under the policy written in 1949 and in omitting the appellee from the coverage of the policy renewals in 1950, 1951, and 1952 without giving written notice thereof to the appellee and the commission in accordance with the provisions of the workmen's compensation act.

 The questions presented on this appeal are simplified by the findings of the commission and by certain undisputed evidence. The commission, by its adoption and approval of the findings and decision of the attorney-referee, found that the appellee knew prior to his injury that he was not included in the coverage and that he was not misled with reference thereto by any conduct of the appellant. It is well settled under the decisions of this Court that where the findings of the commission on disputed questions of fact are supported by substantial evidence, the Supreme Court is not authorized to reverse the commission's judgment. Sones v. Southern Lumber Company, et al, 215 Miss. 148, 60 So. 2d 582. There is, in our opinion, substantial evidence to support the aforesaid findings of the commission. We must, on this appeal, therefore, accept as true the fact that in February, 1952 the appellee knew that he was without coverage and that he took no steps to obtain the coverage as he might have done under the provisions of Section 34 of Chapter 412 of the laws of 1950. The doctrine of estoppel, for which he contends, would, therefore, not be available to him even if it be conceded that one not otherwise entitled to benefits under the workmen's compensation act can be brought within the provisions of the act through estoppel. However, it is not necessary for us to decide, and we do not decide, the question as to whether one under the doctrine of estoppel might be brought within the provisions of the workmen's compensation act. The undisputed evidence is that appellee did not exercise his election to take coverage under the act by compliance with Section 34 of Chapter 412 of the Laws of 1950.

The question remaining for our determination, therefore, is whether the appellee was a partner and as such entitled to the benefits of the act. We have no difficulty in determining that the appellee and Jacks were partners. They so denominate themselves in the partnership agreement. In 68 C. J. S., p. 398, Chancellor Kent's definition of a partnership is quoted as follows: "A contract of two or more competent persons, to place their money, effects, labor, and skill, or some or all of them, in law, commerce, or business, and to divide the profit and bear the loss in certain proportions."

A casual reading of the written agreement entered into between the appellee and Jacks clearly reveals all of the essential elements of a partnership. ▉▉▉ The question before us, therefore, is whether the appellee as a working partner in the business is entitled to claim benefits under our workmen's compensation act as amended, where he has failed to exercise his election to take such coverage by compliance with the provisions of the act as amended. Larson's Workmen's Compensation Law, Vol. 1, Sec. 4.30, sets forth the following:

"With the single exception of Oklahoma, every state which has dealt judicially with the status of 'working partners' has held that they can not be employees. California, Michigan and Nevada have included by special statutory enactment working partners who receive separate wages beyond their share in the profits."

The basis of such holding is that one can not be an employer and an employee at one and the same time. Under our workmen's compensation act, as originally enacted and made effective January 1, 1949, there was no provision in the act whereby a member of a partnership, firm, association, or officer of a corporation might obtain coverage under the provisions of the act. Such a provision was first made in the 1950 amendment and appears in Section 34 of Chapter 412 of the Laws of 1950. Aside from this provision in the 1950 amendment, both the original act and the 1950 amendment clearly

contemplate an employer-employee relationship in providing benefits to employees. It is argued by the appellee that since a member of a partnership, firm, or association, or officer of a corporation who regularly performs manual labor in or about an establishment, shall be considered a workman or operative in determining whether or not such person, firm, or corporation has in its service eight or more workmen, it would be a cruel anomaly to count him as one of the requisite number for qualification under the act and then deny to him the protection of the act. It so appears, however, that the provisions appearing in the original act, effective January 1, 1949, permitting a member of a partnership to be counted among the requisite number for qualification under the act, was eliminated in the 1950 amendment and is no longer in force. It seems manifest to us that in the enactment of the original act which became effective January 1, 1949, the legislature never contemplated partners as being within the benefits of the act. If such had been in the contemplation of the legislature, and if a partner could claim the benefits under the original act, it would not have been necessary for the legislature to provide in the 1950 amendment a method by which a partner may take coverage under the act. It is our conclusion that the appellee, by complying with Section 34 of Chapter 412 of the Laws of 1950, might have obtained coverage under the provisions of the act had he elected so to do, and had his intent so to do and the acceptance of the carrier been shown by endorsement to the policy. It is undisputed in the evidence that no such compliance was attempted. This being true, it follows that since appellee was a partner and not entitled to the benefits under the act in the absence of the exercise of his election to take coverage thereunder, his unfortunate injury is not compensable under our workmen's compensation act as amended.

It is our opinion, therefore, that the circuit court erred in reversing the order of the commission and in award-

ing compensation to the appellee. The judgment of the circuit court is accordingly reversed and judgment rendered here for the appellant.

Reversed and judgment here for appellant.

*McGehee, C. J.,* and *Lee, Kyle,* and *Ethridge, JJ.,* concur.