TALLCO, INC., et al. *v.* QUEENAN

No. 43599 October 4, 1965 178 So. 2d 665

*Walker, Franks & Rone,* Hernando, for appellant.

RODGERS, J.

This is a workmen's compensation claim, filed by James P. Queenan against appellants for an injury to his back occurring April 29, 1962. Appellee lifted a heavy bundle of barracks bags, and as he turned he caught his foot in a hole in the floor, causing him to fall and severely injure his back. The attorney-referee, the Workmen's Compensation Commission, and the circuit court, on appeal, awarded compensation to the appellee for temporary total disability at the rate of $35 per week from June 1, 1962, to June 19, 1963, and for permanent partial disability beginning January 20, 1963, at the rate of $30 per week, together with medical expenses and the penalty provided by law. The issue of facts is largely controlled by stipulation so that there is only one question submitted for our determination.

The issue is: Was the insurance carrier estopped to deny coverage upon the ground that it had accepted a premium on its policy based upon the payroll of Tallco, Inc., including the salary of appellee?

The appellee was employed by Tallco, Inc. at $75 per week as a "working foreman". His duties consisted of handling large bundles of cloth and operating cutting and sewing machines. He was also a stockholder, a di-

rector, and vice president of Tallco, Inc. He received no salary as an officer of the company. His primary duty as an officer of the company was to sign checks in the absence of the secretary, but he also worked out and submitted bids to customers, including the United States government. After Tallco, Inc. was organized, the company purchased workmen's compensation insurance from a Mr. Lambert, agent for the Maryland Casualty Company. He estimated the payroll to be $10,000, on which the premiums were based, including the salary of appellee, James P. Queenan, for the year 1961 to 1962. This insurance premium was paid in the early part of 1961. Thereafter, the appellant audited the books of Tallco, Inc., and included appellee's salary in the estimate of salaries for employees for the year 1962-1963. The estimate was based on the previous year. The agent of appellant insurance company advanced the premiums for Tallco, Inc. for the year January 24, 1962-January 24, 1963, which included the salary of appellee. The appellant insurance carrier attempted to refund the premium of June 20, 1962, after the claim of appellee had been heard by the attorney-referee, but Tallco, Inc. would not accept it.

The appellant insurance carrier denied the claim, because, it is said, appellee was an officer of the company, and, as such, he was not covered by the terms of the policy, because there was no endorsement on the policy including officers of the company. Appellee counters with the assertion that under Mississippi Code Annotated section 6998-40 (1952), (ch. 412, Miss. Laws 1950, sec. 14-sec. 34 Amend.), the insurance carrier is estopped to deny that he was not insured under the terms of the policy. This section is in the following language:

"Acceptance of a premium on a policy securing to an employee compensation, either alone or in connection with other insurance, shall estop the carrier so accepting from pleading that the employment of such em-

ployee is not covered under the act or that the employment is not carried on for pecuniary gain.

"When any member of a partnership, firm, or association, or officer of a corporation, who does or does not perform manual labor, and where there is coverage of fellow employees, elects to take coverage under the provisions of the act, the intent of the insured as well as acceptance by the carrier shall be shown by endorsement to the policy. Any such affirmative action by the parties shall entitle said members or officers to the benefits enjoyed by an employee under the act."

This section was amended by ch. 444, Miss. Laws 1964.

In the case of M. E. Badon Refrigeration Co., Inc. v. Mrs. Lullean Badon, 231 Miss. 113, 95 So. 2d 114 (1957), this Court quoted from Larson's Workmen's Compensation, wherein it was said:

"Corporate officers who perform only executive functions are deemed excluded from almost all acts. But a person who can establish independently, on the basis of nature of the work done, method of payment, and subservience to the control of an employer, that he meets the tests of employment does not forfeit that status by occupying at the same time the status of corporate officer, director or stockholder."

Quoting from 58 Am. Jur. Workmen's Compensation section 150, we pointed out that:

"the cases appear generally to hold, in the absence of any provision to the contrary, that the mere fact that one is a stockholder, officer, or director of a corporation does not necessarily preclude recovery for his injury or death, as an employee of the company, under workmen's compensation acts, but that he may be an employee, depending upon such factors as the nature of the work for which he receives pay, the proportion of the stock which he owns, and whether, in case he performs the work of an ordinary employee, such

work is not merely occasional or incidental, but is his regular work." 231 Miss. at 122, 95 So. 2d at 117.

The appellant argues that there was no endorsement on the insurance policy in the instant case and that it is clear intention of the Legislature that in order for coverage to extend to officers, there must be an endorsement on the policy. We are of the opinion, however, that we have heretofore settled this contention in the case of Phyfer Furniture Company v. Phyfer, 242 Miss. 767, 137 So. 2d 186 (1962). We pointed out that where a partner in a business had paid workmen's compensation on an insurance policy, with knowledge of the insurance company, he could recover workmen's compensation benefits, although there was no endorsement on the policy, because of the statutory estoppel set out in Mississippi Code Annotated section 6998-40 (1952).

The appellant insists that the premium tendered to Tallco, Inc. was actually the premium paid on the policy covering January 24, 1961-January 24, 1962, and was not for premium due on the 1962-1963 policy, and therefore it did not cover the accident which occurred during the following year. It is also argued that the premium on the policy for 1962-1963 was not actually paid before the accident but that a deposit was made on an estimate and this deposit was not a premium. Appellee said: "The lower court seemed to make no distinction between the payment of a premium deposit on the estimate of salaries of the workmen and the actual payment of the premium after the audits." The appellant then concludes: "Appellant submits that it is the duty of this court to note the distinction between a premium deposit and the actual payment of a premium."

■■ ■ The premium deposit is credited against the final amount determined to be actually due the insurance carrier on the payroll audit, and it is in fact an advancement of the premium. Of course, if the insurance carrier refunds the premium advanced on the salary of

an officer of the company — alleged to be ineligible under the insurance contract before an accident occurs involving persons said to be ineligible, and before liability attaches — the advance premium may be adjusted so as to take out of the list the name of the person agreed to be ineligible under terms of the contract. On the other hand, where an advance premium deposit is made by an employer covering a list of employees and this advance premium deposit is accepted by the insurance carrier and an insurance workman's compensation policy is issued, the insurance carrier is estopped under Mississippi Code Annotated section 6998-40 (1952) to plead that the person or persons on which the policy was issued were ineligible to receive benefits, after liability has attached by reason of the accident to one of the listed employees.

■■■ We are of the opinion that appellant is estopped to plead the alleged ineligibility of the workman to recover benefits under the facts and circumstances shown by the record in this case. The judgment of the circuit court affirming the award to appellant by the Workmen's Compensation Commission is therefore affirmed.

Affirmed.

*Ethridge, P. J., and Jones, Patterson and Smith, JJ.,* concur.