ROBERTSON, Justice:
The Attorney-Referee, the Workmen’s Compensation Commission and the Circuit Court of Jones County, Mississippi, have held that the heirs of Pershing B. Sullivan are entitled to recover under the Workmen’s Compensation Act for his death on October 12, 1964, from a massive coronary thrombosis.
Sullivan had been a practicing lawyer for 16 years and was a District Attorney of the State of Mississippi at the time of his death. He had been a partner in two different law firms, but about a year before his death he opened his own law office. At the time of his death he employed one secretary and had recently taken in a nephew as an associate in the practice of law.
As long as Sullivan was a member of the firm of Sullivan, Walker & Dillard, and later as a member of the firm of Sullivan and Baldwin, there was a written endorsement to the policy of Workmen’s Compensation insurance providing that each partner was covered thereby.
When Sullivan began to practice law by himself, he took out a Workmen's Com *278 pensation and Employers’ Liability Policy in the name of “Pershing Sullivan” for a term of one year from November 6, 1963, to November 6, 1964. There was no endorsement to this policy indicating coverage of Sullivan himself. The policy provided for a minimum deposit premium of $15.00.
The appellees contended that Sullivan was both an employer and an employee and that the insurance carrier in setting up the Estimated Total Annual Remuneration at $10,000 on the policy thereby intended to include about $7,650 of Sullivan’s earnings, and, therefore, accepted a premium for the individual coverage of Sullivan himself and is now estopped to deny coverage. The lower court so found, and the insurance carrier appealed to this Court.
Section 6998-02, Mississippi Code of 1942, Annotated, (Supp.1964) defines employee, employer and wages, as follows:
“ ‘Employee’ means any person, including a minor whether lawfully or unlawfully employed in the service of an employer under any contract of hire or apprenticeship, written or oral, expressed or implied, provided that there shall be excluded therefrom all independent contractors, * * * ”
“ ‘Employer' except when otherwise expressly stated, includes a person, partnership, association, corporation and the legal representatives of a deceased employer, or the receiver or trustee of a person, partnership, association or corporation.”
“ ‘Wages’ includes the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of injury, and also the reasonable value of board, rent, housing, lodging or similar advantage received from the employer, and gratuities received in the course of employment from others than the employer.”
We have held in the case of Robertson v. Stroup, 254 Miss. 118, 123, 180 So.2d 617, 619 (1965) that:
“The words ‘employer’ and ‘employee’ as used in the Mississippi Workmen’s Compensation Act are synonymous with the words ‘master' and ‘servant’, and the rules for the determination of the existence of the relation of employer and employee are the same rules as at common law for determination of the relationship of master and servant. * *
In finding for the heirs of Pershing Sullivan, deceased, the lower court, in effect, held that Pershing Sullivan was both the employer and the employee; that he was the master and also the servant. These positions are entirely inconsistent and incompatible and we could almost say irreconcilable. The intent of the insured as well as the acceptance by the carrier of coverage in these inconsistent positions should be clearly proved before acceptance by the court.
In the original Workmen’s Compensation Act which became effective January 1, 1949, the Legislature never contemplated partners as being within the benefits of the Act. However, in 1950, the Legislature amended the Act (Section 6998-40) to provide:
“When any member of a partnership, firm or association, who does or does not perform manual labor, and where there is coverage of fellow employees, elects to take coverage under the provisions of the act, the intent of the insured as well as acceptance by the carrier shall be shown by endorsement to the policy. Any such affirmative action by the parties shall entitle said members or officers to the benefits enjoyed by an employee under the act.” (Emphasis added.) Miss.Code Ann.1942 § 6998-40, as amended, Miss.Laws 1950, ch. 412, § 14, as amended, Miss.Laws 1964, ch. 444 (Supp.1964).
*279 There was no proof whatsoever that Pershing Sullivan affirmatively elected to take coverage under the provisions of the Act. The intent of the insured as well as acceptance by the carrier was not shown by endorsement to the policy and yet the Workmen’s Compensation Act says that such intent and such acceptance “shall he shown by endorsement to the policy.”
This Court specifically ruled on this question in the case of American Surety Co. v. Cooper, 222 Miss. 429, 438, 76 So.2d 254, 257-258 (1954), wherein it said:
“ * * * It seems manifest to us that in the enactment of the original act ■which became effective January 1, 1949, .the legislature never contemplated partners as being within the benefits of the ■act. If such had been in the contemplation of the legislature, and if a partner -could claim the benefits under the original act, it would not have been necessary for the legislature to provide in the 1950 amendment a method by which a partner may take coverage under the act. It is our conclusion that the appellee, by .complying with Section 34 of Chapter 412 of the Laws of 1950, might have ■obtained coverage under the provisions ■of the act had he elected so to do, and had his intent so to do and the acceptance of the carrier been shown by endorsement to the policy. It is undisputed in the evidence that no such compliance was attempted. This being true, it follows that since appellee was a partner and not entitled to the benefits under the act in the absence of the exercise of his election to take coverage thereunder, his unfortunate injury is not compensable under our Workmen’s Compensation Act as amended. (Emphasis added.)
The appellees contend that the insurance carrier has accepted a premium for this coverage of Sullivan as an employee and therefore is estopped to plead that he is not covered as an employee under the policy. The complete answer to this contention is that before there can be estoppel there must be established the very necessary legal relationship of insurer and insured. There is no proof of this relationship. The Commission has inferred that about $7,650 of Sullivan’s earnings were included in the $10,000 Estimated Total Annual Remuneration. In making this inference, the Commission has ignored the proven fact that during the policy year, Sullivan’s nephew was added to the work force as an associate and was automatically covered by the policy.
As far as Pershing Sullivan was concerned, no “contract of hire or apprenticeship, written or oral, expressed or implied,” as required in Section 6998-02, supra, was proved, nor was any proof along this line offered. This is very essential.
In the case of Le-Co Gin Co. v. Stratton, 241 Miss. 623, 631, 131 So.2d 450, 453 (1961), this Court said:
“ * * * The statute providing for coverage of executive officers, when read with the balance of the Act, contemplates a contract of hire, express or implied, in order to bring an executive officer within the coverage of the Act. The essence of compensation protection is the restoration of a part of the loss of wages which are assumed to have existed.” * * * (Emphasis added.)
No evidence was offered that Sullivan understood that he was a beneficiary under the policy, nor was there any evidence whatsoever that it was his intention to be so included. He knew that an endorsement was absolutely necessary because as long as he was in a partnership he made sure that there was an endorsement to the policy. The absence of an endorsement after he became an individual practitioner is rather positive evidence that he had elected not to be covered.
The insurance industry solved the problem of writing a policy that was both fair *280 and flexible when the number of employees might increase or decrease during the policy year by using the minimum deposit premium. At the end of the policy year when an audit of the payroll is made, the insurance carrier can be fair to the employer if the number of employees has decreased, by refunding a part of the premium or, in the event of an increase in the number of employees, the carrier can be fair to itself by adding to the premium in proportion to the increased payroll.
We feel that no election was made to take coverage under the provisions of the act as mandatorily required in Sections 6998-40, supra, nor was the intent of the insured as well as acceptance by the carrier proved by an endorsement to the policy. Such affirmative action is a mandatory requirement of the statute. The judgment of the lower court is, therefore, reversed and judgment rendered here for the appellants.
Reversed and judgment rendered here-for appellants.
GILLESPIE, P. J., and RODGERS,, PATTERSON and SMITH, JJ., concur.