BRADY, Justice.
This is an appeal from the Circuit Court of Lowndes County, Mississippi, wherein the circuit judge reversed a decision of Mississippi Workmen’s Compensation Commission which affirmed the attorney referee’s order and in effect granted the claim of H. T. Carter. From that judgment this appeal is taken.
In April 1964 the appellee, H. T. Carter, a practicing attorney in the city of Columbus, Mississippi, applied for workmen’s compensation coverage through Jesse El-kins Insurance Agency. Mr. Elkins at the time was advised of the previous heart attack suffered by the appellee in 1955 and was requested to obtain a policy of workmen’s compensation insurance that would include and cover the appellee since he was unable to obtain workmen’s compensation insurance through the regular channels. The application for workmen’s compensation insurance filed with the Jesse Elkins Insurance Agency conclusively reflects that it was the intention of the appellee to be covered under the assigned risk plan *522 as it showed on the face of the application, “H. T. Carter, partner active include.” The assigned risk policy was issued by the American Home Assurance Company to the partnership of H. T. Carter and Ruth Watson Carter for the period of April 17, 1964, to April 17, 1965. Similar policies were issued on an annual basis for the years that followed, and the American Home Assurance Company was holding such a policy for the period of April 17, 1968 to April 17, 1969, which was the period during which the claim arose. On July 15, 1968, the appellee suffered a heart attack while working in his office and the medical testimony substantiated the fact that the work he was doing and had done materially contributed to the attack.
It is apparent from the record that the appellee had attempted to secure a workmen’s compensation policy from at least two other companies and had been denied because of the history of heart trouble and for this reason the policy had to be secured as an assigned risk policy with an eight percent surcharge for the assigned risk. It is further apparent from the record that when the insurance company issued the assigned risk policy it did not in any manner notify anyone that it would not assume the burden included in the application for assigned risk, being the inclusion of the partner. The testimony for the insurance company by its casualty underwriter, Thurston Joe Millett, states that this particular insurance company did not insure coverage on partners. However, this same witness testified, that this policy was coded 8810 which is clerical, and that though he would not assign clerical to this policy, a partner in a law firm could be clerical.
The circuit judge held that from the record it is apparent that the reason the application had to be an assigned risk was the inclusion of the partner with the history of heart trouble and further that the “carrier knew or should have known from the application itself that this was the reason it was an assigned risk.” The judge further held that the application of the insured, the assignment of the risk, and the acceptance thereof by the insurer accomplished the same purpose as an endorsement would have, regardless of the form that might have been used, and for those reasons the learned circuit judge reversed the order of the Workmen’s Compensation Commission. From that judgment this appeal is taken.
The appellant assigns as error:
1. That the circuit judgment should be reversed because the Circuit Court of Lowndes County, Mississippi, received in evidence an alleged letter and an alleged plan after this case had been appealed to the circuit court, and based its decision thereon in violation of the Mississippi Workmen’s Compensation law.
2. That the judgment of the Circuit Court of Lowndes County, Mississippi, should be reversed and the order of the Mississippi Workmen’s Compensation Commission should be reinstated because the policy issued by the carrier did not contain a partnership endorsement as required by the Mississippi Workmen’s Compensation Commission law to effect coverage for a partner, and no premiums were paid which would constitute an estoppel.
The appellant’s first assignment of error is not well taken as the letter is simply a request for the Mississippi Workmen’s Compensation Assigned Risk Plan and the forms for such plan and, further, the judge in his own language in his opinion stated that “if the court is mistaken about its right to take judicial notice of this plan, it is still the opinion that the assignment of a risk pursuant to the quoted statute would accomplish the same result.” The statute referred to is section 6998-56 Assignment of Risk Not Covered By Insurance. For this reason the first assignment of error of the appellant is not well taken.
The appellant’s second assignment of error is controlled by Mississippi Code *523 1942 Annotated section 6998-40 (Supp. 1968), which is as follows:
Acceptance of a premium on a policy securing to an employee compensation, either alone or in connection with other insurance, shall estop the carrier so accepting from pleading that the employment of such employee is not covered under the act or that the employment is not carried on for pecuniary gain.
When any member of a partnership, firm or association, who does or does not perform manual labor, and where there is coverage of fellow employees, elects to take coverage under the provisions of the act, the intent of the insured as well as acceptance by the carrier shall be shown by endorsement to the policy. Any such affirmative action hy the parties shall entitle said members or officers to the benefits enjoyed by an employee under the act. Every executive officer elected or appointed and empowered in accordance with a charter and bylaws of a corporation, other than nonprofit charitable, fraternal, cultural, or religious corporations or associations, shall be an employee of such corporation under this act; provided, however, that said executive officer may reject said coverage by giving notice in writing to the carrier of this election not to be covered as an employee. (Emphasis added.)
Any such executive officer of a nonprofit charitable, fraternal, cultural, or religious corporation or association may, notwithstanding any other provision of this act, be brought within the coverage of its insurance contract by any such corporation or association by specifically including such executive officer in such contract of insurance; and the election to bring such executive officer within the coverage shall continue for the period such contract of insurance is in effect, and during such period such executive officers thus brought within the coverage of the insurance contract shall be employees of such corporation or association under this act.
This statute has been interpreted in the cases of Sullivan v. Heirs of Sullivan, 192 So.2d 277 (Miss.1966); Tallco, Inc. v. Queenan, 253 Miss. 709, 178 So.2d 665 (1965) ; and Phyfer Furniture Company v. Phyfer, 242 Miss. 767, 137 So.2d 186 (1962). The contention of the appellant that the failure to include the appellee by an endorsement prevents extension of the coverage to include the appellee has been settled in Tallco, Inc. v. Queenan, supra. In that case this Court, speaking through Justice Rodgers, stated:
The appellant argues that there was no endorsement on the insurance policy in the instant case and that it is the clear intention of the Legislature that in order for coverage to extend to officers, there must be an endorsement on the policy. We are of the opinion, however, that we have heretofore settled this contention in the case of Phyfer Furniture Company v. Phyfer, 242 Miss. 767, 137 So.2d 186 (1962). We pointed out that where a partner in a business had paid workmen’s compensation on an insurance policy, with knowledge of the insurance company, he could recover workmen’s compensation benefits, although there was no endorsement on the policy, because of the statutory estoppel set out in Mississippi Code Annotated section 6998-40 (1952). (253 Miss. at 714, 178 So.2d at 666-667.)
Since none of the three foregoing cases involves an assigned risk coverage, it is essential that we interpret the legislative intent in the use of this language found in the second paragraph of section 6998-40, namely, “Any such affirmative action by the parties shall entitle said members or officers to the benefits enjoyed by an employee under the act.” If the legislature had desired to restrict the coverage extension by an endorsement only it would never have included the additional provision relating to “Any such affirmative action by the parties shall entitle said members or officers to the benefits enjoyed by an employee under the act.” This expan *524 sive language we interpret to mean that when, as in the case at bar, the acceptance by the insurance carrier of the application for assigned risk plan coverage and the designation of the premiums to be paid by the insured, and the policy is issued therefor, this is tantamount to an endorsement. This is true because the application plainly states on its face that the partner was active and was to be included whose heart condition made the assigned coverage the only coverage possible.
It is noteworthy that the appellee testified that the only reason he sought the assigned risk coverage was because of his heart condition; that he could not get ordinary compensation coverage. He testified that he so stated to Agent Jesse El-kins, who advised him to form the partnership so as to be able to obtain the assigned risk coverage. Although Elkins testified, the appellant never questioned him so as to repudiate his or the appellee’s statements, which remain uncontroverted as to intent or acceptance. Sullivan v. Heirs of Sullivan, supra.
From 1964 into 1969 the appellant billed the appellee for the premiums due and ap-pellee paid them. A surcharge of eight percent was made. The face of the policy shows that it is a Mississippi Assigned Risk Policy No. 23-1000-53. The policy extends from April 17, 1968, to April 17, 1.969, and the premium therefor was $35.00, which appellee paid by check to the Jesse Elkins Insurance Agency on March 8, 1968. •This check was cashed on March 9, 1968. Although the Workmen’s Compensation Act and the Assigned Risk Plan thereunder provide for an insurance carrier to refuse the coverage upon the giving of the necessary notice, the appellant continued to accept the premiums and surcharges which it fixed, issued the policies and never once advised the appellee or the Mississippi Workmen’s Compensation Commission or the Southeast Rating Compensation Bureau that the appellee was not fully covered as an active partner as the application provided under the Mississippi Assigned Risk Plan.
Approximately five years since the issuance of the first policy and after the ap-pellee has sustained a work connected heart attack does the appellant assert for the first time that it never included the appel-lee in the Mississippi Assigned Risk Policy or made the proper charge therefor. The position of the appellee had been changed because appellee would have obtained coverage through another insurance carrier if the appellant had refused to write the Mississippi Assigned Risk Policy and so notified the appellee and the Southeast Rating Compensation Bureau or the Mississippi Workmen’s Compensation Commission.
In Tallco, Inc. v. Queenan, supra, this Court held:
On the other hand, where an advance premium deposit is made by an employer covering a list of employees and this advance premium deposit is accepted by the insurance carrier and an insurance workman’s compensation policy is issued, the insurance carrier is estopped under Mississippi Code Annotated section 6998-40 (1952) to plead that the person or persons on which the policy was issued were ineligible to receive benefits, after liability has attached by reason of the accident to one of the listed employees. (253 Miss. at 715, 178 So.2d at 667.)
We are of the opinion that the neglectful or willful acts of the appellant acting through its agent, Jesse Elkins, in not notifying the appellee that it would not write the Mississippi Assigned Risk Policy, but in lieu thereof it did in violation of the application issue a policy which purported to comply with the explicit requirements of the application, thereby changing the position of the appellee to his detriment, is estopped to plead under the facts and circumstances shown by the record in this case, the ineligibility of the appellee to recover benefits or to plead that it *525 failed to charge the requisite premiums but only charged the surcharge. McPherson v. McLendon, 221 So.2d 75 (Miss.1969) ; M. E. Badon Refrigeration Co. v. Badon, 231 Miss. 113, 95 So.2d 114 (1957). These affirmative acts are buttressed by the indisputable intent of the appellee to be insured and the acceptance of the appellant of the application for coverage by the issuance of five consecutive policies and the acceptance of the premium payments made therefor which the appellant represented to be necessary for coverage.
The judgment of the circuit court reversing the Mississippi Workmen’s Compensation Commission and granting the award to the appellee is therefore affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, INZER and HARPER, JJ., concur.