393 So.2d 1348 (1981)
GEORGIA-PACIFIC CORPORATION, Employer
v.
Johnnie Gene CROSBY.
No. 52347.
Supreme Court of Mississippi.
February 18, 1981.
Crymes G. Pittman and Karen Spencer, Cothren, Pittman & Ferrell, Jackson, for appellant.
E. Howard Eaton, Taylorsville, for appellee.
Before BROOM, LEE and BOWLING, JJ.
LEE, Justice, for the Court:
The Mississippi Workmen's Compensation Commission entered an order granting compensation benefits to Johnnie Gene Crosby against Georgia-Pacific Corporation (self-insured) for total and permanent disability. Georgia-Pacific appealed to the Circuit Court of Scott County, which affirmed the Commission, and, from that judgment, Georgia-Pacific has appealed here.
Three (3) assignments of error are discussed in the briefs, but the question to be decided by this Court is whether Georgia-Pacific was the employer of Hosey Brothers Loggers (Hosey Bros.) and whether Hosey Bros. was an independent contractor, relieving Georgia-Pacific of any liability incurred by Hosey Bros. in its employee relationships.
On August 29, 1973, appellee was working as a sawyer for Hosey Bros. He cut a tree which lodged in another tree and upon cutting the second tree, the first tree came loose, fell on him, injured his spine, and rendered him a paraplegic, permanently and totally disabled.
For a period of eleven (11) months, Hosey Bros. made voluntary weekly payments of fifty-five dollars ($55.00) to appellee, but, at the end of that period, the payments were discontinued. Thereupon, appellee filed a claim for compensation benefits against Georgia-Pacific, who now contends that appellee was not employed by it, that he was employed by Hosey Bros., an independent contractor, and that Georgia-Pacific has no liability in the matter.
Mississippi Code Annotated Section 71-3-3 (1972) defines "independent contractor" for purposes of the Workmen's Compensation Act:
"`Independent contractor' means any individual, firm, or corporation who contracts to do a piece of work according to his own methods without being subject to the control of his employer except as to the results of the work, and who has the right to employ and direct the outcome of the workmen independent of the employer and free from any superior authority in the employer to say how the specified work shall be done or what the laborers shall do as the work progresses; one who undertakes to produce a given result without being in any way controlled as to the methods by which he attains the result."
*1349 Factors for determining independent contractors have been discussed frequently in Mississippi decisions. One of the clearest pronouncements of the law, stated in Boyd v. Crosby Lumber and Mfg. Co., 250 Miss. 433, 166 So.2d 106 (1964), sets forth the control test. The Court said:
"An analysis of the pertinent rules and cases is necessary to show the reasons for affirmance of this award of compensation benefits. In general, it is said that the right to control, not actual control of, the details of the work is the primary test of whether a person is an independent contractor or an employee. Relevant characteristics or tests are usually listed, with all except the control test being considered merely indicia pointing one way or the other. See A.L.I., Rest. Agency 2d (1958), § 220, p. 485; Kisner v. Jackson, 159 Miss. 424, 132 So. 90 (1931); Carr v. Crabtree, 212 Miss. 656, 55 So.2d 408 (1951); Shumpert Truck Lines v. Horne, 227 Miss. 648, 86 So.2d 499 (1956). No general rule can be stated as to the weight of these elements, over fifteen in number. Their significance varies according to the facts of each particular case. The weight to be given each of the factors pertaining to the employer-contractor question is ordinarily to be decided by the trier of facts. It is the ultimate right of control, not the overt exercise of that right, which is decisive. Probably the four principal factors under the control test, are `(1) direct evidence of right or exercise of control; (2) method of payment; (3) the furnishing of equipment; and (4) the right to fire.' 1 Larson, Workmen's Compensation Law, § 44." (Emphasis added). 250 Miss. at 440, 166 So.2d at 108.
Without detailing the evidence, the administrative judge found, and the Commission affirmed and adopted, the following:
(1) That at the time of the accident, Hosey Bros. had been cutting and hauling timber for Georgia-Pacific exclusively since May of 1972;
(2) That timber and logs were an integral part of the business of Georgia-Pacific at its plants at Bay Springs and Taylorsville, Mississippi;
(3) That the employees of Georgia-Pacific supervised the cutting of the timber by Hosey Bros.;
(4) That Georgia-Pacific varied the specifications and size of timber that was to be carried to each plant at its discretion, even though a contract was signed between Hosey Bros. and Georgia-Pacific, and that this was done in order to control the flow of material to each mill as it was needed;
(5) That Georgia-Pacific set the time that the timber could be loaded and unloaded by Hosey Bros.;
(6) That Georgia-Pacific set the price to be paid to loggers on each tract of timber based on its own policy;
(7) That Georgia-Pacific controlled the amount of timber that could be delivered to its plants at Bay Springs and Taylorsville, Mississippi, by placing the loggers on a quota even though the logger had a contract for a certain volume each week;
(8) That Georgia-Pacific could move the logger from one tract to another at its discretion even though the logger had a contract for a specific tract;
(9) That Georgia-Pacific and the logger had a series of short-term contracts from five (5) to twenty-eight (28) days in length, and further, that there were dual contracts in cases where Georgia-Pacific would move the logger from a tract that the logger had started but had not completed and had been removed from the original tract to another tract at the discretion of Georgia-Pacific;
(10) That Georgia-Pacific assisted in the financing of equipment for Hosey Bros. through loan guaranty agreements with Smith County Bank at Taylorsville, Mississippi, and, further, that Georgia-Pacific assisted the logger in obtaining operating capital through the Smith County Bank and, more particularly, for a loan in the amount of five thousand dollars ($5,000) to Hosey Bros.;
(11) That Georgia-Pacific could terminate the logger, and, more particularly, Hosey Bros., at will;
*1350 (12) That Georgia-Pacific had notice of the injuries to claimant through its employee, Hosey Bros., on August 29, 1973; and
(13) That Georgia-Pacific had the "right to control" and, in fact, control of the operations of Hosey Bros. and the nature of the work of Hosey Bros. was an integral part of Georgia-Pacific's business.
We now consider whether or not the relative nature of the work performed under the contract is an integral part of the regular business of Georgia-Pacific. 1A Larson, Workmen's Compensation Law § 45 (1979) also states the rule:
"§ 45. The modern tendency is to find employment when the work being done is in integral part of the regular business of the employer, and when the worker, relative to the employer, does not furnish an independent business or professional service." (Emphasis added).
In Brown v. L.A. Penn & Son, 227 So.2d 470 (Miss. 1969), the Court said:
"A determination of Brown's status as an employee or independent contractor cannot be made from examining solely the immediate circumstances surrounding the cutting of the Bennett tract on November 7. Consideration must be given to the entire pattern of Brown's work on behalf of Penn. Eighty to ninety percent of his cutting and hauling was done off of tracts of land from which the timber was purchased by Penn directly. He and other haulers were an integral part of the regular business of Penn. Moreover, the evidence is wholly insufficient to show that Brown, relative to the employer, furnished an independent business or professional service. Realistically, Brown was under Penn's direction and control. He and the two men working under him relied upon Penn to furnish them with most of their necessities: Penn financed the truck, a saw, gasoline for the truck, and groceries at the Penn store, at least for Brown's two employees. Because of the financial arrangements respecting Brown's truck and other operations, Brown more or less had to deliver his loads to Penn. If he did not, he would receive no credit for his truck payments, and Penn naturally would not continue making them unless Brown earned the money to do so.
* * * * * *
The right of control rather than the actual exercise of control is a primary test of whether a person is an independent contractor or employee. In the instant case there is direct evidence of the right to control, the express or implied exercise of that right, the method of payment, the furnishing of equipment by financing its purchase, and the right to fire. In short, Brown was not truly independent, performing an independent business service, but devoted all or most of his time to Penn. Moreover, his work for Penn was an integral part of Penn's business process. Brown's work and that of other haulers who operated similarly to him had become enmeshed with and were an integral part of their employer's business." 227 So.2d at 473, 474.
Persons familiar with the business of lumber companies and with logging operations recognize that it is beneficial to such companies that loggers be separated from those businesses. Such an arrangement allows for the execution of independent contracts with the loggers, thereby relieving the lumber companies of a great deal of responsibility, particularly public and employee liability. However, the Workmen's Compensation Law was enacted to compensate the injured employee and to satisfy the public interest in protecting its citizens. An independent contract must be a valid contract and may not be a sham to be disregarded, cancelled or unenforced at the whim of a company. We agree with the statement in Brown v. E.L. Bruce Co., 253 Miss. 1, 175 So.2d 151 (1965), citing Robinson v. Younse Lumber Co., 8 La. App. 160 (1927):
"`If those engaged in the sawmill business, which includes logging, were permitted to put an impecunious man in charge of the log cutters and base his compensation upon the amount of logs cut instead of paying him a salary and *1351 when sued for compensation plead that the man in charge was an independent contractor, the laborers in the woods would be entirely cut off and the purpose of the law would be thwarted. If courts should permit those engaged in industrial enterprises to escape liability in this way, the door would be left wide open to all kinds of subterfuge to escape liability and the act would be a dead letter in our books.'" 253 Miss. 1, 175 So.2d at 155-156.
We are of the opinion that the order of the Mississippi Workmen's Compensation Commission awarding compensation benefits to appellee is supported by substantial evidence and the judgment of the lower court upholding that order is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., SUGG, WALKER, BROOM, BOWLING and HAWKINS, JJ., concur.