HALE v. GENERAL BOX MFG. Co., et al.

No. 40128          June 4, 1956          87 So. 2d 679

H. C. *Watkins,* Meridian, for appellant.

396

*Snow & Covington,* Meridian, for appellees.

HALL, J.

## ON SUGGESTION OF ERROR

On April 23, 1956, we affirmed this case. On consideration of a suggestion of error and the answer thereto we have reached the conclusion that we were in error and the former opinion is therefore withdrawn and the following is substituted as the opinion of the Court.

On December 3, 1951, the appellant sustained an injury which arose out of and in the course of his employment with General Box Manufacturing Company of Meridian, Mississippi. The insurance carrier thereafter paid compensation through December 18, 1952. On January

5, 1953, the carrier notified the claimant that it was suspending compensation payments as of December 19, 1952. A copy of that letter was forwarded to and filed with the Compensation Commission on January 6, 1953, but there was no notice that the final payment of compensation had been made as required by the provisions of Section 6998-19(g), Code of 1942. On June 12, 1953, the Compensation Commission requested the carrier to check its file in connection with the claim and if the file was closed that the carrier submit a final report on Form B-31. On June 15, 1953, the carrier wrote the Commission ''We have information to the effect that the employee intends to make further claim for additional benefits under the Workmen's Compensation Act and we do not feel that it is advisable to submit a B-31 report at this time''. Finally on January 20, 1954, the carrier filed with the Commission the final report on Form B-31 without the signature of the employee, which signature under the statute is not required. On February 3, 1954, less than a month after the filing of Form B-31, the claimant, through his attorney, wrote a letter to the Workmen's Compensation Commission advising that the carrier had not paid any compensation since December 19, 1952, and request was made that the claimant be granted a hearing to determine whether the employee is entitled to additional compensation. A copy of said request for a hearing was sent to the carrier. No hearing was granted or refused and the matter lay dormant until February 2, 1955, when the attorney for the claimant notified the Commission in writing, with a copy to the carrier, that the claimant had been examined by physicians selected by the carrier but had never had a doctor of his own choosing to examine him. The letter further stated that the claimant was unable to employ a physician and a motion was filed for the appointment of a physician by the Commission to determine the claimant's disability. The formal motion for that purpose was en-

closed with the letter and a copy thereof was sent to the carrier. After a hearing on February 22, 1955, the attorney-referee overruled the motion and denied the request for a physicial examination by a doctor of the claimant's choosing. An additional claim on the form prescribed by the Commission was filed on March 4, 1955, and a hearing thereon was had on April 7, 1955, at which time the attorney-referee held that the claimant did not file his Form B-11 controverting the case until February 9, 1955, which was more than one year after the last payment of compensation, and the attorney-referee held that the Commission had lost jurisdiction of the case under Section 21 of the Compensation Act as amended, which is the same as Section 6998-27, Code of 1942. That Act provides that the Commission may, at any time prior to one year after the date of the last payment of compensation review a compensation case.

■■ ■ In the case of H. C. Moody & Sons v. Dedeaux, 79 So. 2d 225, not yet reported in the State Reports, we held that Section 6998-27 must be considered in connection with Section 6998-19(g), which provides that within 30 days after the final payment of compensation has been made, the employer shall send to the Commission a notice, in accordance with a form prescribed by the Commission, stating that such final payment has been made, along with other information regarding the claim. The carrier in this case did not comply with that section and apparently did not consider the payment made in December 1952 as a final payment. It never notified the claimant that the payment was final but only notified him that his payments had been suspended. As late as June 15, 1953, the carrier notified the Commission that it had information that the employee intended to make claim for additional benefits and it delayed filing the final report on Form B-31 as prescribed by the Commission, until January 19, 1954. On February 3, 1954, the claimant, through his attorneys, demanded a hearing.

When the two sections of the Act are considered together, it is clear that the claimant's cause was not barred and that the Commission had not lost jurisdiction under Section 6998-27, Code of 1942. Before the statute begins to run there must be a compliance with the mandatory provisions of Section 6998-19(g).

We are therefore of the opinion that the attorney-referee, the Compensation Commission, and the Circuit Court were all in error in holding that the Commission had lost jurisdiction, and the suggestion of error is therefore sustained, and the judgment appealed from will be reversed and remanded.

Suggestion of error sustained and cause reversed and remanded.

*McGehee, C. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.