SHAINBERG'S BLACK & WHITE STORE *v.* PROTHRO

No. 41395          March 21, 1960          118 So. 2d 862

*John S. Beach,* Jackson, for appellant.

*Wm. J. Threadgill,* Columbus, for appellee.

ARRINGTON, J.

Shainberg's Black & White Store and the Ocean Accident and Guarantee Corporation, Ltd., appeal from a judgment of the Circuit Court of Lowndes County which reversed the order of the Workmen's Compensation Commission denying benefits, and entered a judgment for the claimant.

The attorney-referee who heard the case dismissed the case for want of jurisdiction. His order was affirmed by a unanimous decision of the Commission. The opinion of the attorney-referee gives a brief and full statement of the facts, which reads as follows:

"A hearing was had on the claim of Carey G. Prothro for additional compensation benefits under the provisions of the Mississippi Workmen's Compensation Act of 1948, as amended, against Shainberg's Black & White Store, employer, and the Ocean Accident & Guarantee Corporation, Limited, carrier, for an injury in Lowndes County, Mississippi, on September 18, 1954.

"The evidence shows that on December 29, 1954, a signed Commission Form B-31 was filed with the Commission which showed that temporary total compensation had been paid for a period of three weeks and one day. On April 30, 1955, another signed Commission Form B-31 was filed with the Commission which showed that additional medical had been paid.

"On September 21, 1955, claimant sustained a 'recurrence of sprain and contusion of knee' at his home. The employer and carrier furnished the medical treatment incident thereto and reported same on an unsigned Commission Form B-31 which was filed with the Commission on January 13, 1956.

"On or about August 16, 1956, claimant was examined by Dr. Thomas H. Blake of Jackson, Mississippi, at the expense of the employer and carrier. Claimant was advised by Dr. Blake that surgery on his knee was indicated. The evidence shows that the employer and carrier advised claimant on two or three days before September 26, 1956, that the claim was barred and that the recommended surgery would not be provided.

"The evidence shows that on August 26, 1957, claimant's attorney by letter requested the Commission 'to reopen said case because of a change in conditions and a mistake in a determination of fact.' On September 23, 1957, claimant filed with the Commission Forms B-5 and B-11.

"The above facts present to the Attorney Referee the question of whether or not the Commission has lost jurisdiction in this claim.

"When all of the evidence is considered, I am of the opinion that claimant's application to reopen this claim was not made within one year after the date of the last payment of compensation, and that the Commission does not have any further jurisdiction."

The sole issue in this case is whether the appellee Prothro's claim is barred by the statute of limitations.

Section 6998-27, Mississippi Code of 1942, provides in part as follows: ''Continuing jurisdiction of the commission.—Upon its own initiative, or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase or decrease such compensation, or award compensation. . . . .''

Section 6998-19(g), Mississippi Code of 1942, provides: ''Within thirty (30) days after the final payment of compensation has been made, the employer shall send to the commission a notice, in accordance with a form prescribed by the commission, stating that such final payment has been made, the total amount of compensation paid, the name of the employee and of any other person to whom compensation has been paid. If the employer fails so to notify the commission within such time the commission may assess against such employer a civil penalty in an amount not exceeding one hundred dollars ($100.00). But no case shall be closed nor any penalty be assessed without notice to all parties interested and without giving to all such parties an opportunity to be heard.''

The record discloses, and the appellant admits, that on September 18, 1954, the claimant, Prothro, sustained a compensable injury to his right knee; that he was paid compensation and medical benefits; that two Forms B-31, final report and settlement receipt, were signed by Prothro and filed with the Commission. After the last report was filed, Prothro sustained further injury and was furnished medical services.

On January 13, 1956, a third and final Form B-31—not signed by Prothro—was filed with the Commission

and no notice was given Prothro of the final settlement until "one or two or three days before September 26, 1956," when the insurance carrier's representative (adjuster) orally notified Prothro that the carrier considered the claim to be barred by the statute of limitations. On August 16, 1956, Prothro was sent to Jackson, Mississippi, for examination by Dr. Thomas H. Blake, upon the request and at the expense of the insurance carrier. Dr. Blake examined him and recommended that surgery be performed. Appellant contends that this was not medical treatment. ▆▆ ▆ We are of the opinion that the carrier, in sending Prothro to Dr. Blake, an expert or specialist in his field, provided the best of medical service, and assuming that the Form B-31 filed on January 13, 1956 was valid, this was a voluntary reopening of the case by a payment of compensation, and no final Form B-31 closing the case has been filed up to this time. Medical service is the same as compensation. Trehern v. Grafe Auto Company, 232 Miss. 854, 100 So. 2d 786; Graeber Bros. v. Revell Furniture Co., 106 So. 2d 390.

The appellant relies on the case of Moody and Sons v. Dedeaux, 223 Miss. 832, 79 So. 2d 225. The Court there held that Section 6998-27 must be considered in connection with Section 6998-19(g), "But no case shall be closed nor any penalty be assessed without notice to all parties interested and without giving to all parties an opportunity to be heard." The Form B-31 was signed by the appellee Dedeaux, and was full notice to appellee that the case was considered closed by appellants. In the instant case, the Form B-31 was not signed by Prothro, and we have held that his signature was not required under the statute. Hale v. General Box Manufacturing Co. & U. S. F. & G. Company, 228 Miss. 394, 87 So. 2d 679. In the instant case it is not even contended that Prothro was given any notice at all as required by the statute until the oral notice given him by the insurance adjuster in

September 1956. This was not a compliance with the statute. In the Hale case we said that "When the two sections of the act are considered together, it is clear that the claimant's cause was not barred and that the Commission had not lost jurisdiction under Section 6998-27, Code of 1942. Before the statute begins to run there must be a compliance with the mandatory provisions of Section 6998-19(g)."

It follows from what we have said that the circuit court was correct in reversing the order of the Workmen's Compensation Commission and entering judgment for the claimant.

Affirmed and remanded.

*McGehee, C. J.,* and *Kyle, Ethridge* and *Gillespie, JJ.,* concur.