TURNAGE *v.* LALLY'S SWIMMING POOL COMPANY, et al.

No. 42847 December 20, 1963 159 So. 2d 84

*Bryan & Gordon,* Pascagoula, for appellant.

*Lawrence W. Rabb,* Meridian, for appellee.

ETHRIDGE, J.

This workmen's compensation case involves an interpretation of one aspect of section 21 of the Mississippi act. Miss. Code 1942, Rec., '§ 6998-27. It provides that "the commission may, at any time prior to one year after date of the last payment of compensation," issue a new compensation order which may terminate, reinstate or award compensation. The issues are whether

the commission was warranted in finding the claim had been barred by the passage of time, and it could not be revived or reinstated by subsequent authorizations of medical services. We affirm the commission's order and the judgment of the circuit court approving it.

On July 23, 1958 Preston Mills Turnage, claimant and appellant, slipped and injured his right shoulder while at work building a swimming pool. He was treated by doctors, and on August 21, 1958 Dr. Leslie Rush filed a final medical report, Form B-27, and another form required by the commission. Based on these reports and the fact that Turnage returned to work on October 15, 1958, the carrier paid him compensation to that date, his hospital expenses and accrued medical expenses. Turnage accepted a check marked ''final payment for this injury,'' and signed a Final Report and Settlement Receipt, Form B-31. It was duly filed and a copy mailed to claimant.

Following execution of the B-31 on October 30, 1958, there was conflicting evidence concerning whether the carrier or employer authorized medical services for Turnage within one year after that date. The commission found (affirming the attorney referee) that claimant did not file his claim for additional compensation benefits until October 11, 1961, almost three years after he signed the final settlement receipt; and that more than one year had elapsed between the last payment of compensation and filing of the B-31, and the filing of the claim in 1961. The claim was barred by the one-year limitation statute.

After a careful examination of the record, we conclude that there was substantial evidence to support the commission's finding that no medical payments were either authorized or made during one year after October 30, 1958 (date of final settlement receipt, B-31). There is some evidence to indicate that, after the one-year period had transpired, a claims adjuster for ap-.

pellees authorized, at least by implication, further medical treatment. But it is well settled that once a workmen's compensation claim has been barred by the passage of time, it will not be revived and a new period will not be set in motion by the furnishing of medical services after the claim period has run under section 21 of the act. 2 Larson, Workmen's Compensation Law, '§ 78.43-(b), pp. 271-272, summarizes the prevailing view:

"Once the claim has been barred by the passage of time, it will not be revived and a new period will not be set in motion by the furnishing of an isolated bit of medical service years after the injury. The objective of the statute being to protect the claimant who reasonably refrains from making claim because of the receipt of benefits voluntarily supplied, no claimant can allege that his failure to make timely application was excused by something that happened after the claim was already barred. Moreover, since the employer was under no obligation to furnish such benefits once the right to them was barred, it cannot be said that he provided them as voluntary compensation payments." Vaughan v. Shell Pipe Line Corp., 204 Okla. 175, 228 P. 2d 180 (1951); National Zinc Co. v. Groszek, 350 P. 2d 961 (Okla. 1960); Graham v. Pomeroy, 143 Kan. 974, 57 P. 2d 19 (1936); Riccioni v. American Cyanamid Co., 26 N. J. Super. 1, 96 A. 2d 765 (1953); Igoe v. Slaton Block Co., 239 S. W. 2d 39 (Mo. 1959); Rutledge v. Sandlin, 181 Kan. 369, 310 P. 2d 950 (1957); Wohlsen v. New Rochelle Coal & Lbr. Co., 14 App. Div. 2d 661, 219 N.Y.S. 2d 124 (1961); Youngelman v. City of New York, 217 N.Y.S. 2d 83, 9 N. Y. 2d 905 (1961).

In contrast with the foregoing rule are those cases where medical benefits are supplied or authorized within the one year allowed for reopening compensation cases. Such action tolls the statute. Dunn, Miss. Workmen's Compensation (1957), '§ 218.1. The cases to date from this jurisdiction deal specifically with the latter rule,

in which medical services were furnished within the one year period. See Shainberg's Black & White Store v. Prothro, 238 Miss. 444, 118 So. 2d 862 (1960); Trehern v. Grafe Auto Co., 232 Miss. 854, 100 So. 2d 786 (1958); Graeber Bros. Inc. v. Taylor, 237 Miss. 691, 115 So. 2d 735, 117 So. 2d 469 (1959).

 █ The commission found in effect that medical services were not furnished or authorized by appellees within one year after the B-31 was duly filed. Once the claim had been barred by the passage of the one-year period, as the commission determined, it could not be revived and reinstated by authorization of additional medical benefits thereafter.

Affirmed.

*McGehee, C. J., and Kyle, Rodgers and Jones, JJ.,* concur.