**Howard C. STREET, II, Plaintiff,**

v.

**SOUTH CAROLINA INSURANCE COMPANY, Defendant.**

**Civ. A. No. E88–0029(L).**

United States District Court,
S.D. Mississippi, E.D.

Aug. 11, 1988.

Mark S. Howard, Waynesboro, Miss., for plaintiff.

Thomas H. Suttle, Jr., Daniel, Coker, Horton & Bell, Jackson, Miss., for defendant.

## MEMORANDUM OPINION
## AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant South Carolina Insurance Company for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Plaintiff Howard C. Street, II responded to the motion, and the court has considered the memoranda of authorities together with attachments submitted by the parties. In the court's opinion, there are no material factual issues in dispute and the entry of judgment for South Carolina Insurance Company is proper.

The plaintiff in this cause, Howard C. Street, II, while an employee of Arthur Lee Sturdivant d/b/a Choctaw Oil Services, was injured in a motor vehicle accident on February 21, 1983. Defendant South Carolina Insurance Company was, at the time of that accident, the worker's compensation insurance carrier for plaintiff's employer. After a motion to controvert was filed with the Mississippi Worker's Compensation Commission on behalf of Mr. Street on March 7, 1983, a hearing on his claim was held on May 3, 1984. Following the hearing, the administrative judge entered an order, dated August 9, 1984, requiring plaintiff's employer to pay compensation benefits to plaintiff for "all reasonable and necessary hospital, medical services and supplies incurred due to his injuries of February 21, 1983," including not only past services rendered, but "all such services as the future process of his recovery may require," and further ordered the payment of compensation to plaintiff at a rate of $89.32 per week for temporary total disability from February 22, 1983 through May 24, 1983, the date of maximum medical recovery. Subsequent to the entry of that order, a judgment by default was entered against plaintiff's employer on October 1, 1984 by the Circuit Court of Wayne County, Mississippi, pursuant to Miss.Code Ann. § 71-3-49. Thereafter, all compensation benefits, plus a ten percent penalty, and all medical benefits which had been submitted to the company for payment were paid, and plaintiff, on March 25, 1985, signed a MWCC Form B-31, "Report of Payment and Settlement Receipt." The judgment by default was then considered satisfied and was cancelled, and the Form B-31 was filed with the Mississippi Worker's Compensation Commission on April 16, 1985.

No additional worker's compensation benefits were sought by Street, nor was any additional medical treatment sought by

him until December 1, 1986.[1] On December 29, 1986, defendant authorized the additional medical treatment which plaintiff had sought and on March 27, 1987, the charges in connection with that treatment were paid by defendant. It was not until February 16, 1988 that plaintiff brought the present action against defendant charging that defendant did not pay all of the benefits due him, did not perform an investigation into his claim, did not verify medical expenses, and did not contact and inform plaintiff of his rights to compensation, medical expense coverage and other benefits. In essence, plaintiff charges defendant with bad faith in connection with his claim for worker's compensation benefits.

■ In support of its motion for summary judgment, defendant relies primarily upon Miss.Code Ann. § 71–3–53 which provides that a worker's compensation case may be reopened for reconsideration of or review by the Commission within one year after the date of the last payment of compensation. It has been held under Mississippi law that a MWCC Form B–31 "constitutes notice to [a] claimant that he is receiving his final payment of compensation ... and that the employer and insurance carrier consider the case closed." *Turnage v. Lally's Swimming Pool Co.,* 247 Miss. 713, 159 So.2d 84 (1963). Thus, the one-year limitations period established by section 71–3–53 is measured by reference to the claimant's execution and filing of a Form B–31. In the case at bar, the Form B–31 was executed by plaintiff and filed with the Commission on April 16, 1985. For a period of over a year and a half following that date, plaintiff requested no benefits of any kind and none were authorized to be furnished or paid. Under such circumstances, the plaintiff's claim for additional compensation was barred by the one-year statute and could not be revived or reinstated by authorization of additional

medical benefits after the passage of one year. *See Turnage,* 159 So.2d at 85.

Although the limitations period of section 71–3–53, read strictly, applies only to the Commission's reopening of a worker's compensation claim for the purpose of determining whether additional compensation may be paid, that statute effectively operates to bar the present cause of action inasmuch as it operates to bar the right to recover additional compensation. That is, since the right upon which plaintiff's cause of action is premised has been extinguished and cannot be revived, the remedy is likewise barred.

■ Moreover, the uncontradicted evidence establishes that all medical and compensation benefits for which plaintiff sought payment were in fact paid by defendant. In fact, the plaintiff acknowledges in response to the motion for summary judgment that defendant even paid him benefits to which he was not legally entitled since the statute of limitations had run on his claim for benefits at the time the services were obtained by plaintiff and paid by defendant. Accordingly, it is most difficult to conceive how plaintiff could support a cause of action for bad faith. Further, under the circumstances of this case, since plaintiff was paid all benefits for which he sought payment, whether or not the company failed to investigate his claim has little, if any, relevance. Likewise, as to plaintiff's contention that defendant did not contact him and advise him of his rights to compensation, medical expense coverage and other benefits, since plaintiff has not disputed defendant's contention that all required benefits were paid, it does not appear that any loss was caused by any failure to advise plaintiff of available benefits.

In sum, plaintiff's cause of action is effectively barred by the one-year statute of limitations set forth in section 71–3–53 of the Mississippi Code. Alternatively, and in addition, plaintiff's claims are insufficient

---

1. On December 1, 1986, over a year following final payment to plaintiff, plaintiff's counsel contacted defendant to discuss plaintiff's continuing pain and discomfort. After defendant's agent informed the attorney that any further claim for worker's compensation benefits was barred by a one-year statute of limitations, the attorney threatened to proceed against the defendant on a claim of bad faith. Thereafter, the defendant, through its agent, authorized and paid for additional medical treatment for plaintiff.

as a matter of law and of fact to withstand defendant's motion for summary judgment.

Accordingly, it is ordered that defendant's motion for summary judgment is granted. A separate judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

ORDERED.