BRIDGES, P.J,
for the Court.
¶ 1. The administrative judge found James D. Hancock’s claim for workers’ compensation benefits was procedurally barred by a one-year statute of limitations. That decision was affirmed by both the full Mississippi Workers’ Compensation Commission and the Circuit Court of Rankin County, Mississippi. Hancock now appeals to this Court.
STATEMENT OF THE ISSUE
WHETHER THE CLAIM OF JAMES D. HANCOCK FOR WORKERS’ COMPENSATION BENEFITS IS BARRED BY THE ONE-YEAR STATUTE OF LIMITATIONS OF MISSISSIPPI CODE ANNOTATED SECTION 71-3-53?
FACTS
¶ 2. In 1992, while working for the Mississippi Forestry Commission (MFC) Hancock injured his back while crossing a stream. In treatment for the injury Hancock underwent a microsurgical lumbar discectomy. The employer provided medical benefits to Hancock, but a determination of disability was not made. Later in 1992, MFC requested Hancock sign a B-31 form, which he did. No determination was made as to whether Hancock would require additional treatment for his injury.
¶ 3. In 1995, Hancock tripped on carpet in the MFC building and fell. This required a second surgery, a microsurgical decompression and re-exploration of the site of the previous surgery. Less than three months after this surgery, Hancock was again requested to sign a B-31 form, which he did. Hancock asserts that MFC did not make inquiries as to whether he would require any additional care or had a permanent disability.
¶ 4. In 2001, while employed with the Arkansas Forestry Commission (AFC) IJancock slipped and fell. He then began to experience more pain and discomfort where the first surgery occurred. When he went to get treatment and determine if this new pain resulted from the fall at the AFC, the doctor informed him the pain was the result of his injuries in 1992 and 1995 while working for the MFC.
¶ 5. In 2002, Hancock attempted to reopen the case before the Mississippi Workers’ Compensation Commission and receive benefits for his injures in 1992 and 1995. MFC claimed that his claim was barred by Mississippi Code Annotated section 71-3-53 in that it was filed more than one year past the filing of his B-31 form. Hancock claims he was uninformed and unaware of the seriousness of his injury and the implications of the B-31 form and that MFC did not deal in good faith with him.
*1060 ANALYSIS
I. WHETHER THE CLAIM OF JAMES D. HANCOCK FOR WORKERS’ COMPENSATION BENEFITS IS BARRED BY THE ONE YEAR STATUTE OF LIMITATIONS OF MISSISSIPPI CODE ANNOTATED SECTION 71-3-53?
¶ 6. The findings and orders of the Mississippi Workers’ Compensation Commission are binding on all appellate courts so long as the decisions are supported by substantial evidence. Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994); Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss.1988); Champion Cable Const. Co., Inc. v. Monts, 511 So.2d 924, 927 (Miss.1987); Penrod Drilling Co. v. Etheridge, 487 So.2d 1330, 1332 (Miss.1986); Georgia-Pacific Corp. v. Veal, 484 So.2d 1025, 1027 (Miss.1986); Evans v. Marko Planning, Inc., 447 So.2d 130, 132 (Miss.1984). This is a general deferential standard of review to the findings of the Commission. Walker Mfg. Co. v. Cantrell, 577 So.2d 1243, 1245 (Miss. 1991). Great deference is given to the findings of the Commission when supported by substantial evidence. Harper v. North Miss. Med. Ctr., 601 So.2d 395, 395 (Miss.1992). As a matter of custom and practice, the administrative law judge is generally, within the Commission, the individual who conducts the hearing and hears the live testimony. However, it is the Commission itself that is the finder of the facts and that on judicial review, its findings and decisions are subject to the normal deferential standards, notwithstanding the opinion of the administrative law judge. Walker Mfg. Co., 577 So.2d at 1245.
¶7. MFC filed its last Form B-31 on November 30, 1995, thereby placing Hancock on notice that it considered that its obligations had ended and that Hancock’s future rights could be terminated if he took no action for one year. The one year statute of limitations is derived from Mississippi Code Annotated section 71-3-53 (Rev.2000), which states in pertinent part that, upon the application of any party in interest, “the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may ... reinstate ... such compensation, or award compensation.” Mississippi Code Annotated section 71-3-53 (Rev.2000) operates in conjunction with Mississippi Code Annotated section 71-3-37(7) (Rev.2000), which allows a case to be closed only after the employer has given notice to the employee by a form prescribed by the Commission. That form is Form B-31.
¶ 8. Hancock, in his brief, cites to Hale v. General Box Mfg. Co., 228 Miss. 394, 87 So.2d 679, 680 (1956) claiming the court disregarded the B-31 form filed under similar circumstances. In Hale, the court disregarded the B-31 form because in order to comply with the statute a B-31 form must be mailed within thirty days from the payment of the final compensation. Id. Therefore, the court reasoned that since the employer did not mail the form within the deadline that the employer must not have considered that payment to be the final payment. Id. The situation in Hale does not apply to the current case because MFC did comply with the filing requirements and deadlines.
¶ 9. This Court has held that in order to prevent a claim from becoming time-barred, the injured worker may request and enforce payment of medical benefits within the one year period. Barr v. Conoco Chems., Inc., 412 So.2d 1193, 1196 *1061 (Miss.1982). There is no evidence of Hancock’s attempting to re-open his claim between November of 1995 and May of 2002 when he filed a petition to controvert. In the seven years after the accident Hancock did not see a doctor or make a claim for medical expenses and continued to work at full capacity with sometimes strenuous labor. Whether or not Hancock knew the implications of the B-31 form he signed, he is still bound by the statute of limitations it creates. Therefore his appeal on this matter is without merit.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS ARE ASSESSED TO THE APPELLANT.
KING, C.J., SOUTHWICK, P.J., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.